MR. JUSTICE MORRISON
delivered the Opinion of the Court.
Defendant Janet Redding appeals a sentence imposed in Lake County District Court, Fourth Judicial District for felony theft. We remand to the District Court for resentencing.
Defendant took an automobile in Poison, which she found with the keys in the ignition, and drove it to Oregon, where she was arrested for speeding and for driving a stolen car.
She waived extradition to Montana. Her court-appointed attorney entered into a plea bargain with the State by which she was to plead guilty and the county attorney would recommend a three-year suspended sentence with conditions. At the time the sentencing hearing was set, the State moved that the defendant be given psychiatric evaluation at Warm Springs before sentencing. The psychiatric report indicates that defendant is subject to severe psychotic aberrations, and that among her problems is im *26 pulsiveness which probably led to the theft of the automobile.
The presentence report recommended a five-year sentence with two years suspended for the defendant. Prior to the sentencing hearing the court held a private conference with the probation officer who had been assigned to write the presentence report. The deputy county attorney entered the conference but on finding it was private excused himself. Apparently such out-of-court meetings occur in Fourth Judicial District and perhaps elsewhere.
At the sentencing hearing the court determined that there had been a plea bargain, and determined from the defendant that she understood that she had the right to withdraw her plea, and that the court was not bound by the plea bargain.
In the course of his sentencing, the Judge indicated that she had had some problems with other cars while waiting sentencing. He confirmed this with the county attorney at the time of the sentencing. The Judge had gathered this information from the probation officer in the presentencing conference. No witnesses testified in court regarding the problems with the other cars, although the information did enter the record when counsel for the State volunteered the information to support a motion for a presentence psychiatric evaluation.
The court declined to accept the joint recommendations of the attorneys and sentenced defendant to five years in prison with two years suspended.
The following issue is raised on appeal: May a district judge consider undisclosed information elicited in a private conference with the presentence investigating officer prior to sentencing?
The State contends that a presentence private conference between the sentencing judge and the probation officer is an appropriate procedure which will promote the goal of dealing with the defendant in accordance with his individual characteristics, circumstances, needs and potentialities *27 in the sentencing procedure. See Section 46-18-101, MCA.
This Court has consistently held that a judge may not sentence on the basis of private, out-of-court information, communications or investigation. State v. Baker (Mont. 1983), [205 Mont. 244,] 667 P.2d 416, 40 St.Rep. 1244; State ex rel. Greely v. District Court (1979), 180 Mont. 317, 590 P.2d 1104; State v. Stewart (1977), 175 Mont. 286, 573 P.2d 1138; Kuhl v. District Court (1961), 139 Mont. 536, 366 P.2d 347. While this rule evolved from situations where judges mounted their own independent investigations, we believe that the out-of-court dialogue between judge and the probation officer is also such out-of-court information.
However, our rationale for finding such a procedure to be impermissible rests squarely on the constitutional guarantee of due process found in the 14th Amendment to the United States Constitution, and Article II, Section 17 of the Montana Constitution.
This Court has previously found that due process precludes a sentence from being predicated on misinformation, and has found certain presentence procedures to be impermissible on that basis. State v. Orsborn (1976), 170 Mont. 480, 486, 555 P.2d 509, 513; Kuhl v. District Court (1961), supra. In this case we find the due process protection to be broader.
The State has argued that because of the time and expertise that presentence investigating officers can devote to their investigation, they are able to provide sentencing judges with an abundance of information pertinent to the sentencing determination.
However, consideration must be given to the quality as well as the quantity of the information placed before a sentencing judge. Our system is based on the premise that the confrontation, cross-examination and debate characteristic of an adversarial system is elemental, if not essential to its truth-seeking function. See Gardner v. Florida (1977), 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393.
This system of truth seeking would be greatly impaired if *28 information were allowed to go unchallenged before the sentencing judge in the secrecy of his chambers. Such information may be misleading or even inaccurate.
Arizona considered a similar question of disclosure of presentence reports in State v. Pierce (1972), 108 Ariz. 174, 494 P.2d 696. In that case, the Supreme Court of Arizona adopted the following recommendation of the American Bar Association’s Standards for Criminal Justice Sentencing Alternatives and Procedures:
“4.4 Presentence report: disclosure; parties.
“(a) Fundamental fairness to the defendant requires that the substance of all derogatory information which adversely affects his interests and which has not otherwise been disclosed in open court should be called to the attention of the defendant, his attorney, and others who are acting on his behalf. . . .”
We hold that this requirement of disclosure is not merely required by “fundamental fairness,” but is compelled by the constitutional guarantee of due process. In this State every person must be given an opportunity to explain, argue, and rebut any information which may lead to the deprivation of life, liberty or property. Presentencing information provided to the sentencing judge in a criminal case certainly falls within that category.
Such a requirement of disclosure is consistent with the reasoning expressed by this Court in State v. Stewart (1977), 175 Mont. 286, 305, 573 P.2d 1138, 1148, which held that a sentencing judge may not conduct his own presentence investigation.
“This is not to say the trial court cannot acquire more information as to the circumstances of a crime. We only hold that if it is his desire to do so, he must delegate that responsibility to other officials. They can gather the information and put it in a report to be made available to the defense. At the presentencing hearing, if anything in the report is contested, these officials may then be cross-examined as to the investigation and the results of their in *29 vestigation.. . .” (Emphasis added.)
Consideration must also be given to the policy of protecting the confidences of informants. Such policy is found in the language of Section 46-18-113, MCA. That policy may be upheld by concealing identities, where necessary, as long as the defendant is informed of and given opportunity to rebut the facts elicited from such informants.
In this case, the sentencing judge denies having relied on the subsequent automobile troubles in sentencing the defendant. However both parties agree that a fair reading of the transcript reveals that these troubles were a consideration of the court.
“THE COURT: Now, Mr. Kragh, I understand that this Defendant has been in trouble while she’s been awaiting sentencing with a couple of more cars; is that correct?
“MR. KRAGH: That’s true, Your Honor.
“THE COURT: When she was on probation, she committed this crime; is that correct?
“MR. KRAGH: Out of California, yes.
“THE COURT: Yes.
“Well, in this case, you were on probation when you committed this act. You have not been convicted of any other acts since then, but, apparently, there has been some question concerning other vehicles. Certainly, it is the object to rehabilitate people and to prevent crime without sending them to jail if possible. But by the same token, the citizens have right to be safe in their person and in their property.”
What transpired in the private conference is unknown. It is apparent, however, that the probation officer sufficiently impressed the sentencing judge with the misdemeanor charges so that it was a major factor in the court’s refusal of the plea-bargained sentence recommendation.
We hold that defendant was denied due process because the sentencing judge conferred with the presentence investigation officer behind doors where no opportunity was provided for argument, rebuttal, or explanation.
The rule requiring disclosure of all derogatory inf or *30 mation to the defense, and opportunity for argument, explanation, and rebuttal can be applied purely prospectively. The major factor in limiting retroactive application of new principles of law is whether such application would further or retard the purpose and effect of the rule. LaRoque v. State and Alley (1978), 178 Mont. 315, 583 P.2d 1059; Linkletter v. Walker (1965), 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601; Tehan v. United States (1966), 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453; Johnson v. New Jersey (1966), 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.
The purpose and effect of the rule stated here is to guarantee the full effectuation of constitutional due process guarantees of accurate information before the sentencing judge, confrontation of adverse witnesses, and representation of counsel.
While this rule guards against the possibility of misinformation, and abuse of discretion by a judge free to avail himself of out-of-court information, it also encompasses situations in which the danger of such possibilities is quite small, as when the information is insignificant or non-prejudicial. Thus, the purposes of the rule are best effectuated by prospective application only; sentences rendered before the date of this decision will be overturned only if the information is shown to be inaccurate or prejudicial.
The cause is remanded to District Court for resentencing.
MR. CHIEF JUSTICE HASWELL and MR. JUSTICES SHEA and SHEEHY concur.