MR. JUSTICE SHEEHY,
dissenting:
I am amazed that defendant Stroud has appealed his conviction for negligent homicide in this case. On the facts, he is fortune’s favorite in that the jury did not find him guilty of deliberate or at least mitigated homicide. The sentencing judge slapped him with a hard sentence for a negligent crime, but if his appeal were successful and another trial granted, his luck might run out and he might find himself convicted of a greater crime. Since he appeals, I take it seriously, I would grant his wish and reverse for a new trial on two grounds treated lightly by the majority.
First I believe the District Court erred in interrogating prospective jurors without a record outside the presence of counsel and defendant. While we have not yet decided whether voir dire examination of jurors is part of a criminal trial, it seems as much a part as a starter is of an automobile. It is not enough, therefore, to approve a private em *80 panelment of jurors by relying on the later statement of the judge that he said nothing prejudicial to the defendant. We have no record to support the judge, and prejudice must be presumed. Section 46-16-303, MCA, requires the examination of prospective jurors to be conducted by the county attorney and the defendant or his counsel. It also permits “additional” examination by the court. I would hold that such “additional” examination can only occur at or immediately after the voir dire by counsel, with all present.
Second, it does not make judicial sense to state that under Just (184 Mont. 262, 602 P.2d 957) the District Court must sua sponte give a limiting instruction on other crimes evidence, and then fault defense counsel for not objecting when the District Court fails its duty. Defense counsel does not thereby entrap the court; it entraps itself by its own neglect. Since other crimes evidence is admissible only as an exception to the rule of evidence, this Court must be careful to make sure the jury understands its exceptional nature, and its limited probative use. The state should be as alert as the Court in making sure the explanatory instruction is given, especially since it is the state that marshals the other crimes evidence. Yet the state gains by the majority’s rule on this point. It is the defendant, whose innocence should be presumed, who loses for an oversight of the Court. A sense of fair play should dictate another result.
As to the sentence itself, I would return for resentencing before another district judge because of the incident where the District Court here had a private interview with the pre-sentence investigator before imposing sentence. Defendant’s due process rights were violated. State v. Redding (Mont. 1984), [208 Mont. 24,] 675 P.2d 974, 41 St. Rep. 147.