No. 85-258

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

JERRY T. KLUNDT,

Plaintiff and Appellant,

-vs-

STATE OF MONTANA, ex rel., BOARD OF
PERSONNEL APPEALS and CHAUFFEURS,
TEAMSTERS and HELPERS UNION,

Defendants and Respondents.

_____

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and for the County of Yellowstone,
                The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Cate Law Firm; Brad L. Arndorfer, Billings, Montana

    For Respondent:

        R. Scott Currey, Dept. of Labor & Industry, Helena,
        Montana
        D. Patrick McKittrick; McKittrick Law Firm, (Union),
        Great Falls, Montana

_____

Submitted on Briefs:    Oct. 3, 1985

Decided:    January 2, 1986

Filed: JAN 2 - 1986

_____
                    Clerk

Mr. Justice William E. Hunt, Sr. delivered the Opinion of the Court.

The appellant, Klundt, appeals from an order of the Yellowstone County District Court granting respondents' motions to dismiss for failure to state a claim upon which relief can be granted.

The order granting the Board of Personnel Appeal's motion to dismiss is affirmed, and the order granting the Union's motion to dismiss is reversed.

On appeal, the appellant raises the following issues:

(1) Whether the District Court erred in granting respondents' motions to dismiss for failure to state a claim where a three-year delay between the filing of a grievance and a hearing was allegedly caused by Union interference and Board delay.

(2) Whether the District Court erred in denying appellant's Rule 52(b), M.R.Civ.P. motion to amend.

Appellant worked for the City of Billings as a city service worker from October 31, 1977, until June 26, 1978, and as an equipment operator from June 26, 1978, until February 19, 1979. He was then promoted to city service foreman I. He was demoted to equipment operator on March 17, 1980.

Appellant filed an unfair labor practice charge with the Montana Human Rights Commission against the City on March 19, 1980. Appellant voluntarily terminated his employment with the City on June 10, 1980. On August 24, 1983, the Commission issued its lack of reasonable cause finding. Appellant does not contest this finding.

Around October 17, 1980, the City posted notice to fill a vacant position for a systems maintenance worker II. Appellant applied to the City to fill this position, but was not hired. Appellant then filed grievances with the Board of Personnel Appeals (Board) on September 8, 1980, and November 5, 1980. He alleged that in not rehiring him to fill the vacant position, the City was discriminating against him for filing the unfair labor practice charges with the Human Rights Commission the previous March. A hearing was held on December 6, 1983, and the hearing examiner recommended the case be dismissed. On November 28, 1984, the Board made its final order adopting the hearing examiner's recommendation.

On April 11, 1984, appellant began the present action alleging that his Union breached a duty of fair representation in handling his unfair labor practice charge, and alleging the Board denied him a timely hearing in violation of his due process rights. The Union filed a motion to dismiss claiming that appellant's complaint failed to state a claim against the Union upon which relief could be granted. The Board filed a motion to dismiss alleging that appellant failed to exhaust his administrative remedies and that his complaint failed to state a claim upon which relief can be granted. On April 9, 1985, the District Court granted both motions to dismiss. On April 16, 1985, appellant filed a motion to amend the judgment pursuant to Rule 52(b), M.R.Civ.P. This motion was denied on April 25, 1985.

A motion to dismiss should not be granted unless it appears beyond doubt that the non-moving party can prove no set of facts entitling him to relief. Willson v. Taylor (Mont. 1981), 634 P.2d 1180, 38 St.Rep. 1606. All

well-pleaded allegations of the non-moving party are deemed to be true.

Appellant alleges that from the time he filed his charges against the City until the hearing in December 1983, approximately 37 months, appellant contacted the Union and requested the Union to help him force the Board to take action in the matter. The Union informed appellant that it was up to the State to take action. However, Klundt claims that the Union itself requested the Board to put the matter "on hold." Because of the Union's refusal to help the appellant, the Board took no action on his charges for over three years.

While a union owes its members a duty of fair representation in areas covered by collective bargaining, section 39-31-205, MCA; Ford v. University of Montana (1979), 183 Mont. 112, 598 P.2d 604, it is not required to represent members outside of collective bargaining. Klundt was not attempting to resolve his claim through binding arbitration or internal union procedures. Instead, he filed charges with the Board of Personnel Appeals, a state agency.

Klundt alleges that the Union requested the Board to put his charges on hold. Even if the Union does not owe Klundt a duty of fair representation in this case, that does not mean the Union has the right to affirmatively interfere with appellant's unfair labor practice charges. Whether the charges themselves are meritorious or not, a three-year delay may have prejudiced the appellant's handling of his claim. In its argument before this Court, the Union argues that Klundt requested it to ask the Board to put the matter on hold, but there is no evidence in the District Court record to support that argument. Klundt claims the delay was caused

by Union interference. If discovery or evidence at trial fails to support Klundt's claim, the Union may obtain a summary judgment or a directed verdict. We cannot say that as a matter of law Klundt can prove no set of facts stating a claim against the Union.

Turning to appellant's allegations against the Board, Klundt claims that from the time he filed his charges until a hearing was held, he made numerous written and oral demands to the Board for a hearing. The Board failed to set a hearing for 37 months. The Board repeatedly stated that Klundt's charges had been put on hold at the request of the Union. Klundt alleges that this delay violated his due process rights under the state and federal constitutions.

The District Court properly granted respondent Board's motion for summary judgment. In Montana, the right to due process requires notice and an opportunity to be heard. State v. Redding (Mont. 1984), 675 P.2d 974, 41 St.Rep. 147; Nygard v. Hillstead (1979), 180 Mont. 524, 591 P.2d 643; Montana State University v. Ransier (1975), 167 Mont. 149, 536 P.2d 187. The requirements are the same whether dealing with an administrative agency or a court. Section 2-4-601, MCA, and section 2-4-612(1), MCA. In this case, the Board fulfilled the fundamental requirements of due process. Klundt received notice and was given an opportunity to be heard. The three-year delay is disturbing, but not fatal.

According to section 2-4-701, MCA, "a preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy." An agency's failure to act constitutes agency action. Under this statute, Klundt could have petitioned this Court to require the Board to hold

a hearing. The petitioner in State ex rel. Great Falls Gas Co. v. Department of Public Service Regulation, Public Service Commission, et al. (1976), 169 Mont. 68, 544 P.2d 815, faced a similar situation. The Public Service Commission failed to act on petitioner's request for an interim rate increase. The company petitioned this Court and we held that "the neglect, failure, or refusal of the . . . Commission to act on petitioner's application for an interim increase in rates . . ., constitutes arbitrary action on the part of said Commission." Great Falls, 544 P.2d at 815. We then ordered the Commission to act on petitioner's application for rate increase. The same procedure was available to appellant. For three years, appellant dealt with the Union or the Board, yet the Board failed to act. Once the Board held a hearing on appellant's charges, Klundt's fundamental right to due process was met. Therefore, the order of the District Court dismissing appellant's complaint against the Board was proper.

Finally, appellant claims that the District Court erred in denying his Rule 52(b), M.R.Civ.P. motion to amend his complaint. Although appellant raises this argument, he cites no authority and makes no substantive arguments in support of this claim. Respondents argue that Rule 52(b) provides a method by which a district court's findings of fact can be amended. In this case, the District Court rendered judgment as a matter of law and no findings of fact were made. Therefore, the court's denial of the motion was proper. We agree with the respondents.

Appellant's motion can more properly be characterized as a Rule 15 motion to amend pleadings. Even so, the District Court's denial of the motion was proper. Klundt did not

state how he wished to amend his complaint and did not provide the District Court with a proposed amended complaint. It was within the sound discretion of the District Court to deny appellant's motion.

Therefore, the order of the District Court granting the Board's motion to dismiss is affirmed, and the order granting the Union's motion to dismiss is reversed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices