No. 86-02

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

IN THE MATTER OF UNFAIR LABOR
PRACTICE NO. 38-80,

JERRY T. KLUNDT, affiliated
with Chaufeurs, Teamsters, and
Helpers Local Union #190,

            Petitioner and Appellant,

    -vs-

STATE OF MONTANA, BOARD OF
PERSONNEL APPEALS, MONTANA
STATE DEPARTMENT OF LABOR AND
INDUSTRY; CITY OF BILLINGS,
MONTANA,

            Respondents and Respondents.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Cate Law Firm; Brad L. Arndorfer, Billings, Montana
                D. Patrick McKittrick, Great Falls, Montana

        For Respondents:

                Daniel J. Stevenson, Dept. of Labor & Industry,
                Helena, Montana
                K.D. Peterson; Peterson, Schofield & Leckie,
                Billings, Montana

                Submitted on Briefs:  April 10, 1986

                        Decided:  June 19, 1986

Filed:   JUN 19 1986

_Ethel M. Harrison_
_____
                    Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

This appeal arises from Mr. Klundt's charges of unfair labor practices. The administrative hearing officer's recommendation that the charges be dismissed was adopted by the Board of Personnel Appeals (Board), and the Yellowstone County District Court affirmed the Board's decision. We remand to District Court.

These issues are raised:

1. Were Mr. Klundt's due process rights violated by the three year delay between the filing of his unfair labor practice charges and the administrative hearing on the charges; and did the District Court err in denying his application for leave to present additional evidence on this issue?

2. Is the Board's decision denying Mr. Klundt's claims supported by substantial credible evidence?

Mr. Klundt filed unfair labor practice (ULP) charges against his former employer, the City of Billings, in September 1980. In the charges, Mr. Klundt alleged that city officials took actions against him in March and April 1980 in retaliation for his union activity, that he was forced to quit his job in June 1980, and that the city would not rehire him in retaliation for filing the ULP charges. The City of Billings denied all charges.

In December 1983, a hearing officer for the Board held a hearing on Mr. Klundt's ULP charges. The hearing officer issued a recommended order ruling against Mr. Klundt and dismissing his charges. Then, in November 1984, the full Board held an oral argument on Mr. Klundt's challenge to the hearing examiner's decision. The Board adopted the hearing examiner's recommended order dismissing the complaint.

Mr. Klundt petitioned the Yellowstone County District Court for judicial review of the Board's decision. He also applied to the District Court for leave to present additional evidence. The court denied that application, finding that he had ample opportunity to present the evidence he sought to present. In October 1985, the District Court affirmed the Board's final order which denied Mr. Klundt's claims. This appeal followed.

I

Were Mr. Klundt's due process rights violated by the three year delay between the filing of his unfair labor practice charges and the administrative hearing on the charges; and did the District Court err in denying his application for leave to present additional evidence on this issue?

Mr. Klundt appeals the District Court's determination that his right to due process was not violated by the delay between the time he filed his ULP charges and the time his hearing was held. In an earlier appeal by Mr. Klundt the Court considered this identical issue:

> Turning to appellant's allegations against the Board, Klundt claims that from the time he filed his charges until a hearing was held, he made numerous written and oral demands to the Board for a hearing. The Board failed to set a hearing for 37 months. The Board repeatedly stated that Klundt's charges had been put on hold at the request of the Union. Klundt alleges that this delay violated his due process rights under the state and federal constitutions.
>
> The District Court properly granted respondent Board's motion for summary judgment. In Montana, the right to due process requires notice and an opportunity to be heard (citations omitted). The requirements are the same whether dealing with an administrative agency or a court. Section 2-4-601, MCA, and section 2-4-612(1), MCA. In this case, the Board fulfilled the fundamental requirements of due process. Klundt received notice and was given an opportunity to be heard. The three-year delay is disturbing, but not fatal.

3

Klundt v. State, ex rel., Bd. of Person. App. (Mont. 1986), 712 P.2d 776, 778-79, 43 St.Rep. 1, 3-4. Collateral estoppal bars the relitigation of an issue where the issue is identical to an issue previously decided, a final judgment as to the issue has been rendered, and the party against whom the claim is advanced remains the same or is a privy of the earlier party. Aetna Life and Cas. Ins. Co. v. Johnson (Mont. 1984), 673 P.2d 1277, 1280-81, 41 St.Rep. 40, 43-44. We hold that Mr. Klundt is precluded from raising this issue.

Mr. Klundt also asked for leave to present additional evidence relating to his due process claim. The District Court denied that motion. Because the additional evidence was to relate to the due process claim, and because of our holding on that issue, we conclude that this question is moot.

II

Is the Board's decision denying Mr. Klundt's claims supported by substantial credible evidence?

Our standard of review is whether the factual findings are "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." Section 2-4-704(2)(e), MCA. This issue poses a real dilemma, because there is no transcript of the initial hearing where there was live testimony by actual witnesses. Mr. Klundt filed a motion to compel the transcript in District Court. The order which denied the transcript at the initial hearing stated:

> The Court recognizes that counsel for the Petition-
> er may not have been present at the initial hear-
> ings in this case. The Court notes, however, that
> the record that has been transmitted by the Board
> reveals that counsel for Petitioner was present at
> the appeal before the Board. Further, the brief
> that counsel filed in connection with that appeal
> demonstrates knowledge of the testimony presented

4

> to the hearing examiner. Counsel simply cannot now
> protest ignorance of the evidence presented at any
> stage of the proceedings below.
>
> . . .
>
> Accordingly, the Petitioner's Motion to Compel is
> GRANTED in part and DENIED in part: a certified
> copy of the transcript of the proceeding before the
> Board of Personnel Appeals, only, shall be ordered.
> The cost of this transcript shall be taxed to the
> Petitioner. (Emphasis supplied)

By order, the District Court affirmed the Board. In its accompanying memorandum it stated the court had carefully reviewed the entire case, including the complete administrative record of the Board. Apparently a tape of the hearing before the hearing examiner was available to the District Court.

However, on appeal, Mr. Klundt failed to designate the initial hearing as part of the record:

> The petitioner, JERRY T. KLUNDT, hereby designates
> the record on appeal as follows:
>
> 1. The entire court file now held by the Clerk of
> Court of the above-entitled Court.
>
> The petitioner states that there was a court re-
> porter at the hearing held in the above-entitled
> matter, but that such record contains only the
> arguments of counsel and is therefore unnecessary
> for the appeal before the Montana Supreme Court.

Mr. Klundt asks this Court to review the evidence to determine if his union activities were the motivating factor in the reprisals against him, and also to determine if the reprisals would have taken place without his union activities. While Mr. Klundt did not specifically appeal from the order of the District Court refusing to order a transcript of the original hearing, the transcript is essential to any meaningful review of the evidence regarding his union activities and the purported reprisals. While all parties expend

5

significant portions of their briefs arguing on the sufficiency of the evidence, we cannot consider any of these arguments in the absence of a transcript of the testimony at the original hearing.

As the record now exists before us, our only choice is to affirm the District Court. From the briefs of Mr. Klundt we are not able to determine if he desires the opportunity to purchase a transcript of the original proceeding and have that matter considered. We therefore conclude:

(1) This cause is remanded to the District Court. In the event that he desires to order and pay for a transcript of the hearing before the hearing examiner, Mr. Klundt shall appear before the District Court and make arrangements for the ordering and payment of the transcript. If he makes that election, the District Court shall examine the transcript when received and enter its further judgment on this issue.

(2) In the event that the attorney for Mr. Klundt shall fail to appear before the District Court and make the above described arrangements for the transcript of the hearing before the hearing examiner within 30 days from the date of this opinion, the judgment of the District Court is affirmed.

Remittitur shall now issue.

Justice

We Concur:

Chief Justice

John Conway Harrison

6

John C. Sheeley

_____
Justices

7