No. 88-101

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

DAVID LARRY PEASE,

        Defendant and Appellant.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Ravalli,
The Honorable John Henson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        David Larry Pease, pro se, Deer Lodge, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
Robert F.W. Smith, Asst. Atty. General, Helena
John W. Robinson, County Attorney, Hamilton, Montana

---

Submitted on Briefs: June 16, 1988

Decided: July 19, 1988

Filed: JUL 1 9 1988

*Ethel M. Harrison*

---

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

David Larry Pease appeals from the amended judgment of the District Court, Fourth Judicial District, Ravalli County, revoking his suspended sentence from a jury conviction on six counts of sexual intercourse without consent. We affirm the District Court's decision.

The appellant, David Pease, presents the following issues:

1. Was the District Court's decision to place defendant on probation while he also posted a bail bond contrary to § 46-20-204(4), MCA?

2. Did the District Court err in finding the defendant guilty of violating the terms and conditions of the suspended sentence if the defendant signed the probation conditions under duress?

3. Was the ex parte conference between the probation officer and the District Court judge a violation of due process?

4. Was the defendant unlawfully detained if he was told, while he was a patient in the hospital, that when ready to leave the hospital he would be under arrest?

5. Was the denial of access to certain evidence a violation of due process?

6. Did the District Court err in denying defendant the opportunity to present a subpoenaed witness?

7. & 8. Did the defendant violate the conditions of his probation if the victim made the initial contacts and if the defendant was acting under duress and necessity?

9. Did the District Court deny bail by reason of excessive bail?

10. Did the District Court err by sentencing defendant before review of his appeal on the excessive bail claim?

11. Did the District Court abuse its discretion by ordering defendant to complete the sex offender program at Montana State Prison?

David Larry Pease was charged in Ravalli County on June 12, 1985 with six counts of sexual intercourse without consent. A jury convicted Pease on all six counts. He was sentenced to 15 years imprisonment with all but six months suspended. The suspended sentence was conditional "that defendant not have any contact with the victim of the offense or her family." Pease appealed and the Montana Supreme Court affirmed the conviction. State v. Pease (Mont. 1987), 740 P.2d 659, 44 St.Rep. 1203.

On September 15, 1987, defendant was admitted to St. Patrick's Hospital in Missoula. On that day, his probation officer visited him and told him that when he was ready to leave the hospital, he would be under arrest for violating the conditions of his parole. Defendant Pease was arrested September 18, 1987 and appeared before a Justice of the Peace in Ravalli County later that day, where bail was set at $100,000.

On September 22, 1987, the Ravalli County Attorney filed a petition for revocation of the suspended sentence stating that Pease had violated the conditions of his parole by having numerous contacts, in person and by phone, with the victim from June 22, 1987 until September 12, 1987. The District Court found that Pease had violated the terms and conditions of his parole and revoked the suspended sentence. His 15 year sentence to the Montana State Prison was reinstated December 2, 1987 in the District Court's amended judgment which also ordered Pease to complete the sexual offender program at the prison.

Defendant Pease filed two notices of appeal; one on October 14, 1987 appealing on the issue of excessive bail and a second on November 17, 1987 from the final order revoking the suspended sentence.

## I.

Before addressing the issues presented, we must rule on the State's motion to strike the defendant's first, second, ninth and tenth issues. The State bases the motion on § 46-20-104, MCA, contending that the defendant must confine his appeal to errors in the judgment affecting substantial rights. The State also contends that issues 1, 2, 9 & 10 concern Pease's prior appeals before this Court. We agree that issues 1 & 2 are not within the issues on appeal as presented in Pease's notices of appeal dated October 14, 1987 and November 17, 1987. Issue 2 was reviewable only on Pease's first appeal. However, with regard to issue 1, whether the District Court erred requiring a bail bond while Pease was on probation, we find that § 46-20-204(4), MCA, as relied upon by the defendant does not apply in this case. This section provides for a stay of execution and relief pending appeal of an original conviction. Pease has already been convicted and sentenced. The applicable section now is § 46-23-1012 which provides procedures for arrest when violations of probation are alleged. A person who has violated probation is made subject to provisions regarding release on bail. Section 46-23-1012(3), MCA. This issue, and issue 2, will not be considered further.

Issues 9 & 10, concerning excessive bail and whether the District Court erred by sentencing Pease before review of his appeal on the excessive bail claim, were settled by this court's order on November 17, 1987 in Pease v. Printz, Cause No. 87-417. In that order, this Court found that the district judge properly considered the factors set forth in

- 4 -

§§ 46-9-301(1), (2), & (5) in setting bail and affirmed the decision setting bail at $100,000. Pease's motion to reconsider the order was denied on November 24, 1987. The District Court subsequently entered its amended judgment reinstating Pease's 15 year sentence on December 2, 1987. Thus, the District Court did not sentence Pease before review of his appeal on the excessive bail claim. Issues 9 and 10 will not be discussed further.

## II.

Issue 3 - Ex parte Conference

Pease contends that he was denied due process when his probation officer conversed by telephone with the District Judge on September 15, 1987, just prior to his September 18 arrest. Consequently, Pease argues that our decision in State v. Redding (1984), 208 Mont. 24, 675 P.2d 974 demands reversal of the revocation. We disagree.

In Redding, we held the defendant had been denied due process when the sentencing judge conferred with the presentence investigation officer behind closed doors with no opportunity for argument, rebuttal or explanation. However, Redding is distinguishable from the instant case. Here, the District Judge conferred with Pease's probation officer after Pease had already been convicted and sentenced. Then, prior to revoking the suspended sentence and reinstating the 15 year imprisonment sentence on December 2, 1987, Pease was given the opportunity for argument, rebuttal and explanation in two separate proceedings. We conclude, Pease was not denied due process of law, and the rule of State v. Redding, supra, does not apply.

Issue 4 - Defendant's detention in St. Patrick's Hospital.

When Pease was admitted to St. Patrick's Hospital on September 15, 1987, he was informed that he would be taken

into custody upon his release. Pease contends that as of that day, he was not free to leave the hospital, was in custody and would remain so from then on, and that the hospital staff were instructed to contact the Missoula County Sheriff's office should Pease attempt to leave. Pease was actually arrested September 18, 1987. That day he appeared before a Justice of the Peace in Ravalli County where bail was set at $100,000. Pease alleges that he was unlawfully detained and in custody with an unreasonable delay before his hearing on September 18, 1987.

This contention is contrary to the probation officer's testimony and to Pease's own admission. During Pease's questioning of the probation officer, while appearing pro se, Pease said " . . . on the 18th [of September] I was arrested . . ." Because Pease had already been convicted and was on probation, any presumption of innocence was gone.

On September 14, 1987, the day before Pease was told he would be arrested, he admitted to his probation officer that he had seen and spoken with the victim on several occasions. Because Pease had admitted to violating his probation there was clearly probable cause to detain him. Pease was not taken into custody until September 18, 1987, and a hearing was held the same day. Pease was not unlawfully detained at St. Patrick's Hospital.

Issue 5 - Denial of access to certain evidence.

Issue 6 - Disallowance of presenting a witness.

Pease had made cassette recordings of telephone conversations between himself and the victim. While being held in Ravalli County jail, the tapes were taken away from him by the jailer. Pease wanted to use the tapes to show distress and suicidal tendencies of the victim and himself in developing his defense of "duress" and "necessity." A

witness to the taking of the tapes had been subpoenaed but was not allowed to testify.

The testimony of the witness would have been irrelevant to the issue of revoking the suspended sentence. Both the testimony and the tapes would provide no more than cumulative evidence. Furthermore such evidence and testimony is not within the issues on appeal as they have very little, if anything, to do with the parole violation or the revocation of the suspended sentence.

The trial court has discretion to determine admissibility of evidence and such "action will not be reviewed except where its discretionary power has been manifestly abused." State v. Short (Mont. 1985), 702 P.2d 979, 983, 42 St.Rep. 1026, 1031 citing State v. Breitenstein (1979), 180 Mont. 503, 509, 591 P.2d 233, 236.

We find no abuse of discretion by the trial court. The tapes and testimony concerning the tapes were properly denied.

Issues 7 and 8 - Violation of probation.

a)  Initial contacts by the victim.

Pease claims that because the victim made contact with him rather than vice versa, he did not violate his probation. Consequently, since the State did not prove Pease willfully violated his probation conditions, he argues his suspended sentence should not be revoked. We do not agree.

The probation agreement made no reference to "willful contact," instead it stated: "You will have _no contact_ with the victim of this offense or her family." (Emphasis added.) Pease has misconstrued the agreement. "No contact" means just that, whether or not Pease was the initiator. The District Court made no error in finding that Pease's contacts with the victim violated his probation.

b) Duress and necessity defense.

Pease presented testimony from several witnesses that showed both he and the victim were emotionally distraught and were compelled to see each other. To justify his actions because of these claimed emotional conditions cannot be tolerated. Duress and necessity are not, per se, included as defenses in the Montana Code. Compulsion, however, is an acceptable defense. Section 45-2-212, MCA. See also, State v. Owens (1979), 182 Mont. 338, 347, 597 P.2d 72, 77. The circumstances of this case do not satisfy the requirements for a compulsion defense. Whether Pease or the victim acted under duress or necessity is a question of fact adequately resolved by the District Judge. There was no error by the District Court in its finding that his claimed duress and necessity were not a defense.

Issue 11 - Order to complete sex offender program.

Pease asserts that the District Court abused its discretion by ordering him to complete the sex offender program at Montana State Prison in the face of expert testimony indicating that Pease was not likely to benefit from the program. Conditions of a sentence are within the discretion of the trial judge. It is well established in this state that the trier of fact has discretion to give whatever weight it sees fit to the testimony of any expert. See, Biegalke v. Biegalke (1977), 172 Mont. 311, 317, 564 P.2d 987, 990. The sentencing judge, not the expert witness, makes the decision as to what conditions will be placed upon a convicted defendant. Section 46-18-201, MCA, states:

> . . . (1)(b) . . . The sentencing judge may impose on the defendant any reasonable restrictions or conditions . . . (1)(e) commit the defendant to a correctional institution . . . (1)(f) impose any combination of subsections (1)(b) through (1)(e). (Emphasis added.)

- 8 -

Requiring Pease to complete the sex offender program is not an abuse of discretion nor is it unreasonable.

The judgment of the District Court is affirmed.

_____
John C. Sheehy
Justice

We Concur:

_____
John Conway Harrison

_____
R.C. McDonough

_____
William E. Hunt

_____
L.C. Gulbrandson
Justices