JUSTICE HUNT,
dissenting.
I dissent. The majority should have affirmed the District Court because the statute of limitations has long since expired, and because appellant’s claim is barred by collateral estoppel and laches. In addition, the majority’s opinion undermines the DOR’s regulatory authority to restrict the sale and ownership of liquor licenses granted to it by the legislature.
I find the appellant’s claim that it had just recently discovered that its license was restrictive to be unconvincing. The Montana Alcoholic Beverage Code was enacted in 1975. Ch. 387, 1975, Mont. Laws 786. *83 The code replaced separate beer and liquor licenses with a single all-beverage license. Under this statute, the code required these licenses to be displayed in a prominent area on the premises where the business was being conducted. Since at least 1975, and possibly as far back as 1950, the licenses issued to the Eagles Club received a stamp which stated that the license was nontransferable and nonassignable. Because the Eagles Club received and posted its restrictive license yearly, it was placed on notice that the DOR considered the license to be nontransferable and nonassignable.
With the exception of the tolling statutes, the longest statute of limitation allowed is ten years. Section 27-2-201(1), MCA. For the majority to grant a declaratory judgment on an issue that is at least 16, and perhaps 41, years old is alarming. This far exceeds any statute of limitation set forth in the code. The granting of this declaratory judgment will allow persons to assert antiquated claims with evidence that is stale due to the passage of time.
Appellant’s action is also barred by collateral estoppel.
“Collateral estoppel bars the relitigation of an issue where the issue is identical to an issue previously decided, a final judgment as to the issue has been rendered, and the party against whom the claim is advanced remains the same or is a privy of the earlier party.”
Matter of Unfair Labor Practice No. 38-80 (1986), 222 Mont. 172, 174-75, 720 P.2d 1181, 1182.
In 1964, when the Elks challenged the Montana Liquor Control Board’s adoption of Regulation 3-23, the Eagles Club joined the Elks as a plaintiff in intervention. The Eagles Club admitted in its answer to the counterclaim filed by the Liquor Control Board that it had a nontransferable, nonassignable license. In addition, the District Court adopted by reference to the Eagles Club’s proposed findings of fact that the club held a nontransferable, nonassignable license. It is clear from the pleadings and the District Court’s decision in the Elks case, that the Eagles Club had a nontransferable, nonassignable fraternal license and that the Eagles Club recognized this restriction. If the Eagles Club did not have a fraternal license, but rather had a general retail beer and liquor license which was transferable, it would not have been subject to the rule. Therefore, it would not have been necessary for the Eagles Club to enter the lawsuit as a plaintiff in intervention challenging the rule. Although the District Court declared the regulation unlawful and of no force and effect, its decision did not change the classification of licenses because classification of licenses was based upon statute and not upon the *84 challenged regulation. All of the elements of collateral estoppel were met, and summary judgment should have been affirmed by this Court.
Appellant’s claim is also barred by laches. This Court has defined laches as:
“[A] creature of equity and means negligence in the assertion of a right. It exists where there has been a delay of such a duration as to render enforcement of the asserted right inequitable.”
Castillo v. Franks (1984), 213 Mont. 232, 241, 690 P.2d 425, 429.
The purpose of laches is to discourage stale claims. It allows the court to refuse to intervene in a case where the party asserting the claim has been negligent in prosecuting his rights. Laches is appropriate when a person is aware of his rights, yet fails to act. Johnson v. Estate of Shelton (1988), 232 Mont. 85, 90, 754 P.2d 828, 831.
Finally, the statute was sufficiently vague to grant the DOR judicial deference in the interpretation and implementation of liquor licensing law. For these reasons, I would affirm the District Court’s granting of summary judgment in favor of the DOR.