No. 96-223

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996


IN RE THE MATTER OF REID CONNELL,

Petitioner and Appellant,

vs.

STATE OF MONTANA, DEPARTMENT OF
SOCIAL AND REHABILITATION
SERVICES, CHILD SUPPORT
ENFORCEMENT DIVISION,

Respondent.


APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Richard A. Reep, Reep, Spoon & Gordon, Missoula,
Montana

For Respondent:

K. Amy Pfeifer, Department of Public Health and
Human Services, Child Support Enforcement Division,
Helena, Montana

Submitted on Briefs: August 8, 1996

Decided:  January 2, 1997
Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.


Reid Connell appeals from the opinion and order of the Fourth Judicial District Court, Missoula County, affirming the decision of an administrative law judge denying Connellþs motion to dismiss with prejudice a child support collection action and state tax offset action filed against him.  We reverse and remand.

We restate the issues on appeal as follows:

1.  Has Reid Connellþs constitutional right to due process been violated under the facts of this case?

2.  Did the District Court err in affirming the administrative law judgeþs decision that CSEDþs actions should not be dismissed under Rule 41(b), M.R.Civ.P., for failure to prosecute?

FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Reid Connell (Connell) and Norma Schlenvogt (Schlenvogt) were first married on March 27, 1967.  During the course of their first marriage, three daughters were born in 1967, 1972 and 1974 respectively.  Connell and Schlenvogt divorced on December 24, 1975.  They later remarried on June 3, 1977, but a divorce decree was entered by default on November 14, 1977, in the Fourth Judicial District Court, Burleigh County, North Dakota.  Pursuant to this 1977 decree, the North Dakota District Court awarded Schlenvogt custody of the three minor daughters, granted Connell reasonable visitation rights and ordered Connell to pay $550.00 per month in child support.  After the dissolution, Schlenvogt remained in North Dakota with the three daughters and Connell continued living in Missoula, Montana.

For approximately two years, beginning in December 1988, Schlenvogt and her current husband received public assistance, including Aid to Families with Dependant Children (AFDC), from the state of North Dakota.  To receive this assistance, Schlenvogt signed a document assigning her rights to collect child support to the North Dakota Department of Human Services to begin child support collection proceedings against Connell.

After receiving an interstate referral for the enforcement of child support from the State of North Dakota, Montanaþs Child Support Enforcement Division (CSED) initiated a collection action against Connell.  In February 1990, CSED served Connell with a Notice of Intent to Withhold Income alleging that he was delinquent in the payment of child support for his daughters and thereby began an income withholding action against him.  On June 18, 1990, the State Auditorþs office sent Connell a notice that his 1990 state warrant would be offset against the debt he owed CSED.  After deposing Schlenvogt on August 21, 1990, an in-person administrative hearing was held on both matters February 15, 1991, in Missoula, Montana.

At the close of the hearing, the hearings officer established a schedule for the submission of proposed findings of fact, conclusions of law and order from the parties.  Connell submitted his proposed findings and conclusions on March 21, 1991.  However, despite applying for and receiving several extensions of time, CSED failed to submit its  proposed findings of fact, conclusions of law and order.  Furthermore, the hearings officer failed to enter a decision.

It was not until almost four years after the February 1991 hearing that a new administrative law judge (ALJ) took any action to finalize this matter.  On December 23, 1994, the ALJ ordered the parties to appear at a telephone conference for the purpose of submitting arguments and motions on the preparation of findings of fact, explaining that the hearings officer who initially heard this case was not available to prepare Findings of Fact, Conclusions of Law and Order in this matter because his contract expired July 1, 1992.  On January 11, 1995, a telephone conference was convened.

During the conference, both Connell and CSED agreed that the credibility of the witnesses was material, and, therefore, the provisions of  2-4-622(1), MCA (1993) (providing options to parties when a hearings officer is unavailable for decision), did not apply.  Furthermore, Connell refused to waive compliance with this statute as allowed by  2-4-622(2), MCA (1993).  Additionally, Connell moved for default judgment against CSED in conformity with his proposed Findings of Fact, Conclusions of Law and Order, or in the alternative, to dismiss.

On July 28, 1995, following timely submission of briefs, the ALJ denied Connellþs motions and ordered a rehearing of the matter.  Connell petitioned the Fourth Judicial District Court for judicial review of the ALJþs order.  After accepting Connellþs petition, the District Court affirmed the ALJþs July 28, 1995 Order.  From this judgment, Connell appeals.

STANDARD OF REVIEW

Our standard of review concerning a district courtþs conclusions of law is whether the trial judgeþs interpretation of the law is correct.  Steer, Inc. v. Department of Revenue (1990),

245 Mont. 470, 474-75, 803 P.2d 601, 603. In this case, the District Court held that, despite a delay of 44 months, dismissal of CSEDþs income withholding action was not a proper remedy. We review this conclusion of law to determine whether the District Court properly interpreted Montanaþs constitutional guarantees to due process.

## DISCUSSION

Has Reid Connellþs constitutional right to due process been violated under the facts of this case?

We hold that Connellþs right to due process under Montana Constitution Article II, Section 17, has been violated and reverse the District Courtþs decision to affirm the ALJþs July 28, 1995 Order. Because this issue is dispositive, we will not address the second issue raised on appeal.

Connell argues that the District Court erred when it held that dismissal was not a proper remedy. Connell contends that he has a protected liberty interest in having a final decision rendered within the time frames established by the Montana Legislature. He asserts that when the CSED hearings office failed to render a decision after almost a four-year period, this lack of action constituted an unnecessary and unreasonable delay, and, thereby, violated his right to due process. Connell admits that he received the requisite notice and a fair hearing, yet, he asserts that he also has a procedural right to be free from unnecessary delay in the final adjudication of his child support obligations.

Connell points out that hearings officers are required to take official notice of federal and state law, pursuant to Rule 46.30.633(1)(a), and (b), ARM, and that specific time frames for completion of actions are set forth under Rule 46.30.643, ARM. Specifically, "[i]ncome withholding actions must be completed within 45 days after service of notice under 45 CFR 303.100." Rule 46.30.643(1), ARM. Furthermore, Connell asserts that hearings officers must enter a final decision and order within 20 days of the hearing pursuant to  40-5-226(7), MCA (1989). Connell argues that CSEDþs hearings office failed to meet each and every one of these time frames. Therefore, Connell asserts, CSED violated his right to due process and dismissal of this action is appropriate.

CSED responds that the timetable for informing the obligor of the hearing decision on a Notice of Intent to Withhold Income is 45 days from the date of service of the notice under  40-5-414(6), MCA (1989), and that no statutory time limit is set for issuing a decision concerning the state tax offset notice under  17-4-105, MCA (1989). CSED attributes the missed 45-day deadline to Connellþs requests for continuance of the hearing which resulted in the hearing being held one year after service of notice. CSED additionally attempts to avoid responsibility for its inaction by stating:

Once the hearing officer was no longer empowered by the

CSED to render a decision, the CSED was unsure how to proceed in the absence of the hearing officer. Eventually, after reorganization of the CSED Hearings Office, and the lapse of an additional thirty months, the new Administrative Law Judge took steps to have the matter finally determined. . ..

Further, relying on authority from other jurisdictions, CSED argues that while Rule 46.30.643(1), ARM, and  40-5-414(6), MCA (1989), respectively require that income withholding actions must be completed and the obligor notified of the hearing decision within 45 days after service of notice, these time frames are merely directory rather than mandatory.  Therefore, CSED asserts that although violation of these time frames subjects CSED to possible federal audit penalties, it does not form a basis for dismissal of the action or entry of default against CSED.

We disagree.  Whether the specific time frames established for income withholding actions are directory or mandatory is a question we find unnecessary to answer in this case and does not affect our conclusion that CSEDþs failure to render a decision for 44 months violated Connellþs due process guarantees under the Montana Constitution.  "Administrative agencies are not exempt from the constitutional restraints of due process requirements."  Montana Power Co. v. Public Service Comm. (1983), 206 Mont. 359, 368, 671 P.2d 604, 609.

Under the protection of due process, people are granted the opportunity to be heard "at a meaningful time and in a meaningful manner."  Montana Power Co., 671 P.2d at 609 (citing Mathews v. Eldridge (1976), 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18, 32.  Indeed, "due process mandates that an administrative hearing will constitute a fair trial, conducted in accordance with fundamental principles of fair play and applicable procedural standards established by law."  Precious Metals Assocs. v. Commodity Futures Trading Comm'n (1st Cir. 1980), 620 F.2d 900, 910 (citation omitted).  The Montana Constitution broadly guarantees that "[n]o person shall be deprived of life, liberty, or property without due process of law."   Art. II, Sec. 17, Mont. Const.  Moreover, Connell is guaranteed that "justice shall be administered without . . . delay."  Art II, Sec. 16, Mont. Const.

In addition to the constitutional guarantees for prompt disposition of administrative actions, Montana statutes and administrative rules set forth specific time frames for expedited administrative income withholding actions.  CSED initiated an income withholding action against Connell pursuant to the provisions of Montanaþs Child Support Enforcement Act,   40-5-401, et seq., MCA (1989).  Rule 46.30.643(1), ARM, requires that income withholding actions must be completed within 45 days after service of notice and  40-5-414(6), MCA (1989), requires that the obligor be informed of the hearing decision within the same time frame.

The purpose of the Child Support Enforcement Act is "to provide a more effective and efficient way to guarantee the support of dependent children . . .." Section 40-5-402, MCA (1989). This stated purpose comports with the federal regulation calling for expedited administrative or judicial processes that increase the effectiveness and meet specified processing times concerning income withholding actions. 45 C.F.R. 303.101 (1989).

CSED not only missed all legally imposed time frames for completion of this action, but it also blatantly violated all notions of procedural fairness by failing to act for a period of 44 months after the expiration of the deadline for submitting proposed findings of fact and conclusions of law. Moreover, CSEDþs statement that it was "unsure how to proceed" once the original hearings officerþs contract expired is shocking, to say the least. Having missed every deadline imposed upon it by law and by its own hearings officer, CSEDþs attempt to justify its failure to do anything because it was not sure what it should do borders on the absurd. Litigants appearing before our State agencies in proceedings where their property, benefits or rights are at stake deserve better treatment than being forced to twist slowly in the breeze because the agency not only fails to timely complete a proceeding it commenced, but, worse, is apparently not even sure how to go about doing so. Consequently, we conclude that CSEDþs unreasonable delay in resolving this case, in light of the various time frames discussed above, violated Connellþs right to due process guaranteed by Montana Constitution Article II, Section 17. Montanaþs constitutional guarantee of justice without delay set forth at Article II, Section 16 adds further support to our conclusion on the facts here.

Only once before have we dealt with a similarly long period of inaction on the part of a state agency. See Klundt v. State, ex rel., Bd. of Personnel Appeals (1986), 219 Mont. 347, 712 P.2d 776. While neither party in this action cited Klundt in their briefs, we believe that it is appropriate that we acknowledge the case, in any event. In Klundt, a worker alleged that, due to a 37-month delay, the Board of Personnel Appeals (Board) denied him a timely hearing and thereby violated his due process rights. We affirmed the District Court order granting the Boardþs motion to dismiss. We stated that, in Montana, due process requires notice and an opportunity to be heard. Klundt, 712 P.2d at 779. Without any further analysis, we concluded:

In this case, the Board fulfilled the fundamental requirements of due process. Klundt received notice and was given an opportunity to be heard. The three-year delay is disturbing, but not fatal.
Klundt, 712 P.2d at 779.

The facts in Klundt potentially explained the Boardþs delay in conducting a hearing by indicating that the Board put the matter on

hold in response to a request from Klundtþs union allegedly instigated by Klundt himself. Additionally, Klundt did not argue that any specific time frames were violated, but only that this particular delay was too long. In this case, CSED only explains that the hearings office failed to render a decision within established time frames due to CSEDþs uncertainty and resulting inaction.

It appears that Klundt was decided on its facts and does not establish precedent one way or the other as far as the instant case is concerned. Here, the income withholding action filed against Connell by CSED was not timely completed because of the lack of diligence and inaction of the responsible agency. CSED failed to act within the time frames established by law, by administrative rule, and by the hearings officer. Connell did nothing that would justify the unreasonable delay at issue here--a delay which we conclude is more than simply "disturbing."

In sum, failure on the part of CSEDþs hearings office to render a decision after a lapse of 44 months constitutes undue delay under Montana Constitution Article II, Section 16, and violates the due process guarantees under Montana Constitution Article II, Section 17. CSEDþs violation of Connellþs due process rights compels dismissal. Therefore, based on the facts of this case, we hold that the District Court erred in affirming the ALJþs July 28, 1995 Order denying Connellþs motion to dismiss and setting a rehearing date. Accordingly, we hereby remand for entry of an order dismissing with prejudice both CSEDþs income withholding action against Connell and CSEDþs proposed tax offset action against Connellþs 1990 state warrant.

Reversed and remanded.


/S/   JAMES C. NELSON



We Concur:

/S/   J. A.  TURNAGE
/S/   KARLA M. GRAY
/S/   CHARLES E. ERDMANN
/S/   WILLIAM E. HUNT, SR.