FILED

03/24/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0273

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 19-0273

STATE OF MONTANA,

Plaintiff and Appellee,

v.

RANDY S. LAEDEKE,

Defendant and Appellant.



FILED

MAR 2 4 2020

Bowen Greenwood
Clerk of

O R D E R

Representing himself, Randy S. Laedeke moves this Court for relief, specifically for a stay of execution and stay of proceedings pending the outcome of his appeal. The Attorney General's Office for the State of Montana has filed a response in opposition.

We summarize Laedeke's criminal history from his pleading, the State's response, and original judgment on file here. On May 25, 2018, Laedeke entered a guilty plea to one count of misdemeanor cruelty to animals in the Yellowstone County District Court. The District Court dismissed his three remaining counts and sentenced him to a suspended one-year sentence on September 5, 2018. The judgment directed Laedeke to limit his ownership to five hooved animals during the suspension of his sentence and gave him thirty days within which to comply. The State sought revocation of Laedeke's sentence in October 2018 because Laedeke still possessed nine horses. After giving Laedeke additional time to comply and upon his failure to do so, the court revoked his sentence on March 11, 2019, and imposed a one-year sentence, with all but ten days suspended. It ordered further that all horses be removed from Laedeke's property.

Laedeke points to § 46-20-204, MCA, for authority to stay execution in criminal cases. That section authorizes a stay of criminal sentences imposing death, imprisonment, or payment of fines and costs. He acknowledges that "this case at issue does not fall squarely within the language of [this statute.]" He acknowledges also that he was ordered in the original judgment to reduce the number of his horses but maintains that he could not

seek a stay following his sentence upon revocation because he had to serve ten days in jail. He refers to M. R. App. P. 22 and states that he first sought a stay of execution pending appeal in the District Court on February 20, 2020. He adds that the District Court held a hearing and denied the motion. Laedeke contends that a stay is appropriate here and claims that he "would suffer irreparable damages if the order [and] the subject of this appeal were to be enforced at this time."

The State urges this Court to deny his motion because § 46-20-204, MCA, applies only to original convictions. *State v. Pease*, 233 Mont. 65, 68, 758 P.2d 764, 766 (1988), *cert. denied*, 488 U.S. 1033, 109 S. Ct. 845 (1989). The State explains that this statute does not provide relief from a suspended sentence's conditions or for revocation proceedings. *Pease*, 233 Mont. at 68, 758 P.2d at 766-67. The State also points out that Laedeke's request is moot because the one-year suspended term imposed on March 11, 2019, has expired, and this Court cannot grant effective relief. *Shamrock Motors, Inc. v. Ford Motor Co.*, 1999 MT 21, ¶ 19, 293 Mont. 188, 974 P.2d 1150.

We agree that § 46-20-204, MCA, applies and is dispositive. M. R. App. P. 22(6) provides that "[s]ections 46-20-204 and -205 govern stays in criminal cases." This Court has determined before that § 46-20-204, MCA, applies only to original convictions. *See Pease*, 233 Mont. at 68, 758 P.2d at 766 (stating that § 46-20-204(4), MCA, "provides for a stay of execution and relief pending appeal of an original conviction."). We conclude that Laedeke's request for a stay is untimely and improper because he should have pursued any such request immediately after his September 5, 2018 conviction.

IT IS THEREFORE ORDERED that Laedeke's Motion for Relief from Order of District Court, Stay of Execution, and Stay of Proceedings Pending Outcome of Appeal is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Randy S. Laedeke personally.

DATED this ⊂4ᵗʰ day of March, 2020.

_____
Chief Justice

2

_____

_____

_____

_____
Justices