No. 10261-A.   CECIL BUBNASH, Petitioner, v. STATE OF MONTANA, and WARDEN FLOYD E. POWELL, Respondents.

Submitted October 16, 1961.   Decided November 29, 1961.

366 P.2d 867.

PER CURIAM.

640

Original Proceeding. Application for writ of habeas corpus filed by Cecil Bubnash, an inmate of the State Prison, appearing pro se.

■ Petitioner asserts the presiding judge might have been prejudiced upon his trial because such judge, when a county attorney, had once prosecuted him. Provision is made for disqualifying a district judge, but if not exercised it is waived. Petitioner must have entertained a different view than he now asserts prior to his conviction, because he waived his right to disqualify.

Petitioner asserts the court bailiff did not perform his duties as required by law, but wherein such non-performance affected the trial is not disclosed.

■ Petitioner also contends he was illegally arrested and searched, but these matters must be raised prior to trial and a failure to do so constitutes a waiver.

■ It is also contended that the district judge gave certain instructions to the jury during his trial at 11:00 p.m. on February 24, 1961. Petitioner has taken an appeal to this Court and the record which has been furnished this Court by him discloses that at the hour of 11:00 p.m., on February 24, 1961, the jury returned their verdict so it is apparent that this contention of petitioner is in error.

Petitioner also contends that the refusal to fix bail on appeal is a violation of his constitutional rights. Section 94-8305, R.C.M.1947, provides:

"*When admitted to bail after conviction and upon appeal.* After conviction of an offense not punishable with death, a defendant who has appealed may be admitted to bail—

"1. As a matter of right, when the appeal is from a judgment imposing a fine only;

"2. As a matter of discretion in all other cases."

■ There is no showing that the District Court abused its discretion here.

Petitioner complains that an associate attorney who was called in by his court-appointed attorney did not have sufficient time to prepare his defense. The Court appointed counsel for petitioner more than a month before the trial, and the record here shows that petitioner had two previously court-appointed counsel who were permitted to withdraw because of areas of disagreement between petitioner and such counsel as to the conduct of his case. From the record here, apparently the court-appointed counsel desired some assistance and it was upon his own motion that an associate was entered as a counsel of record. Both counsel were present and participated throughout the trial.

Being devoid of merit the application for a writ of habeas corpus is denied.