STATE OF MONTANA EX REL. L. R. BRETZ AND MERRILL
CLINE, PETITIONERS, v. SHERIFF OF LEWIS AND CLARK
COUNTY AND ROGER CRIST, WARDEN OF THE MONTANA
STATE PENITENTARY, DEER LODGE, MONTANA, RESPONDENTS.

No. 13095.
Decided July 23, 1975.
Rehearing Denied Sept. 2, 1975.
539 P.2d 1191.

ORDER

PER CURIAM:

Original proceeding for a Writ of Habeas Corpus by two

convicted inmates of the Montana State Prison. Petitioners seek release from custody on two grounds: (1) That their conviction is in violation of the double jeopardy provisions of the state and federal constitutions, and (2) that they are entitled to release on bail pending appeal.

Briefs and memoranda were filed, oral argument was heard, and the matter was submitted to the Court for decision.

We deny relief to each petitioner on all grounds.

We hold that the double jeopardy question has previously been ruled upon adversely to petitioners in *State v. Cunningham*, 166 Mont. 530, 535 P.2d 186, 32 St.Rep. 433. In the absence of a transcript of proceedings at the trial of petitioners on which *Cunningham* is distinguishable; and in the absence of a definitive ruling by the United States Supreme Court to the contrary; and because that issue may be raised on appeal, we hold that petitioners are not entitled to release from imprisonment at this time on this ground.

We further hold that petitioners are not entitled to release on bail pending appeal. There is no constitutional right to bail pending appeal from a conviction under state constitutional provisions providing that all persons shall be bailable, except for capital offenses where the proof is evident or the presumption great. *Ex parte Voll*, 41 Cal. 29; Anno. 19 A.L.R. 807; Anno. 45 A.L.R. 458. The right to bail under such circumstances is purely statutory, *City of Sioux Falls v. Marshall*, 48 S.D. 378, 204 N.W. 999, 45 A.L.R. 447, 452, and cases cited therein. The applicable Montana statute, section 95-1109, R.C.M.1947, provides:

"After conviction of an offense not punishable by death, a defendant who intends to appeal may be admitted to bail:

"(a) As a matter of right, from a judgment imposing a fine only; or any judgment rendered by a justice or police court.

"(b) *As a matter of discretion in all other cases.*" (Emphasis supplied).

This Court has previously held under the predecessor to this statute that the right to bail pending appeal from conviction of a felony is discretionary with the district court, and where there is no abuse of discretion shown, this Court will not interfere. *Bubnash v. State,* 139 Mont. 639, 366 P.2d 867. To the same effect under the present statute, see *State v. Kotarski,* 154 Mont. 309, 462 P.2d 873.

Petitioner Bretz argues that here there was no basis on which the judge could have exercised his discretion to deny bail pending appeal. He points out there was nothing before the district court to indicate that he was a poor bail risk.

In addition to the presentence investigation report, the district judge had before him other matters alluded to in the following statements made at the hearing of petitioner to be admitted to bail:

"MR. DZIVI: Your Honor, the defendant Bretz participated in the preparation and filing against one of the State's principal witnesses, Nona Wampole, in two law suits designed to intimidate her, to frighten her from testifying in this action, and because of his friends and acquaintances, to visit Richard Roanne and his wife in Kalispell, Montana, and advise them that in the event they saw fit to testify in this action they would be sorry. That they would be spread out and exposed as welfare cheats, as frauds of every possible nature. Your Honor, the letters written in the ancillary matter, the letter that Mrs. Cline testified she prepared with her husband, we have evidence to indicate in spite of her testimony, this letter charging Richard Roanne with submitting a fraudulent claim to Workmen's Compensation Division, was in fact prepared in the office of the defendant, L. R. Bretz. It is the scheme and effort to intimidate these witnesses, and is of such magnitude it almost defies belief. If the defendant is admitted to bail we have every reason to suspect this activity will continue and we urge the Court to deny bail.

"MR. MOSES: Your Honor, I have no response.

"THE COURT. The motion to be admitted to bail is denied as a matter of discretion. Officer, you take Bretz into your custody."

These matters were sufficient to move the discretion of the district court to deny petitioner Bretz bail pending appeal. No abuse of discretion is shown.

Petitioner Cline further argues that the sole purpose of bail is to guarantee the appearance of defendant (section 95-1101, R.C.M.1947) and to base denial of bail on alleged attempts to influence and intimidate witnesses is an abuse of discretion.

██ We acknowledge the primary purpose of bail prior to trial is to guarantee the appearance of defendant at further proceedings. This does not mean that the court must close its eyes to the existence of other preventive considerations after conviction pending appeal. For example, we held recently that the safety of other citizens in the area was properly considered in determining whether bail should be allowed after conviction during the pendency of an appeal. *French v. Crist*, 163 Mont. 544, 518 P.2d 35. Here the prior offenses of petitioner Cline and conduct of petitioner Bretz demonstrated to the district judge that both were poor bail risks. We find no abuse of discretion.

The petition for a Writ of Habeas Corpus for each petitioner is denied.

MR. JUSTICE DALY deeming himself disqualified, did not participate.