IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 93-395

LARRY T. MOORE,

     Petitioner,

-v-

JACK McCORMICK, Warden of the
Montana State Prison,

     Respondent.

)    OPINION
)      AND
)   O R D E R

FILED

SEP - 9 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Larry T. Moore, Petitioner herein, has filed his application requesting that this Court issue a writ of habeas corpus. Petitioner is presently incarcerated at the Montana State Prison as a result of his conviction of the offense of deliberate homicide, a felony, in violation of § 45-5-102(1)(a), MCA, following a jury trial in Gallatin County on October 22, 1992 to November 23, 1992, and the subsequent revocation of his bond. Petitioner claims that he is unlawfully held because he has been denied bail pending appeal by the District Court and that such denial is erroneous as a matter of law. He asks this Court to review the question of bail independently, pursuant to § 46-22-103, MCA, which provides:

> **Writ for purpose of bail.** When a person is imprisoned or detained in custody on any criminal charge for want of bail, such person is entitled to a writ of habeas corpus for the purpose of giving bail upon averring that fact in his petition, without alleging that he is illegally confined.

The appropriate standard of review when considering the denial of an application for bail pending appeal is whether the district

1

court abused its discretion in denying the application. Absent such abuse, this Court will not interfere. State ex rel. Bretz v. Sheriff of Lewis & Clark County (1975), 167 Mont. 363, 365, 539 P.2d 1191, 1192.

Petitioner argues that since he was released on bail prior to his conviction and since he was designated as a non-dangerous offender for purposes of eligibility for parole at sentencing, he is entitled to bail pending appeal by reason of §§ 46-9-107 and 46-20-204, MCA.

Section 46-9-107, MCA, provides:

> **Release or detention pending appeal -- revocation -- sentencing hearing.** A person intending to appeal from a judgment imposing a fine only or from any judgment rendered by a justice's court or city court must be admitted to bail. The court shall order the detention of a defendant found guilty of an offense who is awaiting imposition or execution of sentence or a revocation hearing or who has filed an appeal <u>unless the court finds that, if released, the defendant is not likely to flee</u> or pose a danger to the safety of any person or the community. (Emphasis added).

Under this statute, since the Petitioner was found guilty of the felony offense of deliberate homicide in district court, and since he has filed an appeal, the court is required to order the detention of the Petitioner "...unless [it] finds that, if released, the defendant is not likely to flee...".

Here, the District Court made precisely the opposite finding. The Court ruled that:

> [T]here is simply too much risk involved [in granting bail]. ...I feel that under the evidence and testimony presented, [at the bail hearing] the Court simply cannot take the chance of flight that is always present when a capital crime has been committed and there has been a conviction. We cannot allow this Defendant out in the community regardless of what his friends and family say.

2

We find no abuse of discretion in the Court's ruling. Upon conviction, Petitioner was no longer cloaked with the presumption of innocence, having been found guilty beyond a reasonable doubt of a capital crime. There was evidence presented at the sentencing hearing to the effect that Petitioner had no ongoing business, that his financial assets were negligible and that he was divorced after he was originally admitted to bail. The District Court was entitled to weigh all of those factors is assessing Petitioner's propensity for flight. Accordingly, under the statute cited by the Petitioner, he is not entitled to bail pending appeal.

The Petitioner goes on to argue, however, that Section 46-20-204(2), MCA, "...mandate[s] a stay of sentence pending appeal for a defendant who has been admitted to bail during the pendency of the case." We disagree.

That section of the Montana Code of Criminal Procedure provides:

> **Stay of execution and relief pending appeal.** ...(2) __If__ an appeal is taken <u>and the defendant is admitted to bail</u>, a sentence of imprisonment shall be stayed by the trial court. (Emphasis added).

Petitioner argues that the statute is ambiguous and, under the rule of lenity, should be interpreted in his favor because it is not clear what the legislature intended by the words "defendant is admitted to bail." In other words, does that phrase refer to bail before or after sentencing?

We conclude that the statute is not ambiguous. The plain intendment of the language used is that __if__, in its discretion under § 46-9-107, MCA, and on making the required finding, the trial

3

court admits the defendant to bail pending appeal, <u>then</u> the court must stay his sentence of imprisonment.

Since, as set forth above, the District Court did not admit Petitioner to bail pending appeal, there is, obviously, no "mandate" under § 46-20-204(2), MCA, that it stay his sentence of imprisonment. Petitioner's argument fails.

Finally, Petitioner argues that since the District Court, at sentencing, designated him a nondangerous offender for purposes of parole eligibility, he is entitled to bail pending appeal. Again, we are not persuaded by Petitioner's argument.

Section 46-18-404, MCA provides in pertinent part:

> **Designation as nondangerous offender for purposes of parole eligibility.** (1) Except as provided in subsection (4), the sentencing court, shall designate an offender a nondangerous offender for purposes of eligibility for parole under part 2 of chapter 23 if: ... (b) the court has determined, based on any presentence report and the evidence presented at trial and the sentencing hearing, <u>that the offender does not represent a substantial danger to other persons or society</u>. (Emphasis added).

Implicit in the Petitioner's argument is the proposition that the criteria for admitting a defendant to bail pending appeal and for designating him a nondangerous offender are the same. That is not the case, however.

In determining whether to admit a defendant to bail pending appeal, the trial court is required to find that "...the defendant is not likely to flee <u>or</u> pose a danger to the safety of any person or the community." As pointed out above, the District Court, here, declined to make such finding, ruling that there was a risk of flight.

On the other hand, § 46-18-404(1)(b), MCA, requires the trial

4

court to determine that "... the offender does not represent a substantial danger to other persons or society" after considering the presentence report and the evidence at trial and the sentencing hearing. This statute does not carry a requirement that the risk of flight be considered, but it does impose a more onerous requirement that the court find that the offender not represent a "substantial danger" as opposed to a "danger" to society.

Accordingly, while it may be appropriate for the trial court to designate a defendant nondangerous for parole eligibility purposes under the requirements of § 46-18-404(1)(b), MCA, it does not follow that, under the different criteria of § 46-9-107, MCA, the court is also required to admit the defendant to bail pending appeal.

For purposes of the instant Application for Writ of Habeas Corpus, we hold that the District Court correctly interpreted and applied the appropriate statutes; that there was substantial evidence to support the Court's decision; that the Court did not abuse its discretion in denying the Petitioner's motion for bail pending appeal; and that the Petitioner is not illegally imprisoned or otherwise unlawfully restrained of his liberty.

IT IS HEREBY ORDERED, that Petitioner's Application for Writ of Habeas Corpus should be and the same is, hereby, DENIED.

Dated this ___ 9th ___ day of September, 1993.

_____
Chief Justice

_____

William E. Hunter

Justices