# GREGORY LLOYD INGRAHAM,
## Petitioner.
# v."STATE OF MONTANA,
## Respondent,

No. 97-241.
Decided June 25, 1997.
54 St.Rep. 614.
284 Mont. 77.
945 P.2d 16.

## OPINION AND ORDER

Gregory Lloyd Ingraham was convicted of negligent homicide, criminal endangerment, and criminal trespass in the District Court for the Twentieth Judicial District in Lake County on July 19, 1996. Judgment, including a sentence of imprisonment, was entered on November 18, 1996. On that same date, Ingraham appealed his conviction to this Court.

Prior to his trial, bond was established for Ingraham's release from jail in the amount of $10,000 and was accepted on several conditions, including that he not consume alcoholic beverages or enter a place where the primary item of sale is an alcoholic beverage.

Following his conviction, Ingraham moved the District Court to continue his bond pending appeal to this Court. However, that motion was denied. After a hearing, the District Court found that while Ingraham was not likely to flee if afforded the opportunity, there was insufficient evidence that he would not pose a danger to the safety of other persons in the community. Therefore, the District Court concluded that Ingraham had not met the conditions for bond pending appeal set forth in § 46-9-107, MCA. On that basis, bond pending appeal was denied by order of the District Court on January 22, 1997.

On February 21, 1997, Ingraham moved this Court pursuant to Rule 22, M.R.App.P., to continue bond pending appeal, or in the alternative, to entertain an appeal from the District Court's order denying bond pending appeal pursuant to Rule 1, M.R.App.P., and § 46-20-104(1), MCA. That statute provides in relevant part as follows: "An appeal may be taken by the defendant only from a final judgment of conviction and orders after judgment which affect the substantial rights of the defendant."

Ingraham contended that in the event this Court entertained an appeal from the District Court's order denying bond, the standard of review should be whether the District Court abused its discretion. He relied on our decision in *Moore v. McCormick* (1993), 260 Mont. 305, 306, 858 P.2d 1254, 1255, for that standard of review.

In response to Ingraham's motion, the State of Montana, through the Office of the Attorney General, appeared on March 11, 1997, and moved to dismiss Ingraham's motion or appeal. The State contended that there is no statutory provision for appealing a district court's order denying bond pending appeal, and that the proper procedure for bringing the issue before this Court is an original habeas corpus

proceeding. The State also cited *Moore* as authority and, in addition, cited *State ex rel. Bretz v. Sheriff of Lewis and Clark County* (1975), 167 Mont. 363, 539 P.2d 1191.

In response to the State's motion, Ingraham argued that assuming the State is correct, his previous motion should be deemed a petition for habeas corpus and the Court should proceed with its review of the manner in which the District Court exercised its discretion. This Court disagreed, however, and on March 27, 1997, granted the State's motion to dismiss Ingraham's motion or appeal from the District Court's order. The Court concluded that there is no statutory authority for appealing a district court's denial of bond, but that § 46-22-103, MCA, expressly authorizes an application for a writ of habeas corpus in order to bring the issue of bond pending appeal before the Court. This Court then concluded that § 46-22-103, MCA, was the appropriate method by which Ingraham should raise the issue of his entitlement to bond pending appeal.

In response to this Court's invitation, Ingraham filed a petition for writ of habeas corpus on May 6, 1997. Pursuant to § 3-2-212, MCA, that petition was filed with Justice Terry N. Trieweiler. That statute provides, in part:

(1) Each of the justices of the supreme court shall have power to issue writs of habeas corpus to any part of the state upon petition by or on behalf of any person held in actual custody and may make such writs returnable before himself, the supreme court, or justice thereof or before any district court of the state or any judge thereof. Such writs may be heard and determined by the justice, court, or judge before whom they are made returnable.

The procedure for considering petitions for a writ of habeas corpus is set forth by statute in Montana and is found at Title 46, Chapter 22, of the Montana Code Annotated. It provides that when a person is imprisoned or detained in custody on a criminal charge and denied bail, he or she is entitled to a writ of habeas corpus. Section 46-22-103, MCA. This Court previously held that that provision applied in this case. Section 46-22-203, MCA, provides that writs are to be issued without delay when properly submitted; and § 46-22-205, MCA, explains that the writ must be directed to the person having custody of the person on whose behalf the application is made and must command that the applicant be brought before the judge before whom the writ is returnable. Finally, § 46-22-304, MCA, provides that the court before whom the writ is returnable shall hear and examine the

return. Section 46-22-305, MCA, provides that at that hearing evidence may be produced.

The chapter which sets forth the procedural requirements for habeas corpus does *not* make reference to review of a previous court's decision for abuse of discretion. That is the standard of review which applies to appeals. Nevertheless, the State, in its motion to dismiss, specifically argued that an appeal from the District Court's decision denying bond pending appeal was not permitted. Instead, the State contended that a petition for habeas corpus should be filed.

On May 22, 1997, pursuant to those procedures set forth in Title 46, Chapter 22, the author of this opinion ordered that Ingraham's petition for habeas corpus was granted to the extent that he was to be presented to the Honorable John Christensen for further determination regarding his entitlement to bond pending appeal. It was anticipated by this Justice that because the statutes pertaining to habeas corpus specifically provide for a hearing before the court to which the writ is returned and the production of evidence at that hearing, a district court would be preferable to this Court for purposes of conducting the hearing.

On May 29, 1997, the State applied to the other members of this Court for a writ of supervisory control to prohibit Judge Christensen from conducting a hearing pursuant to the habeas corpus statutes. In its brief in support of that application, the State contended, contrary to its previous argument, that § 46-22-103, MCA, which provides for habeas corpus, does not really apply to those who have been convicted in a criminal case, and that the correct procedure for Ingraham to pursue is an original proceeding "in the nature of habeas corpus," but one which is submitted to the full Court and in which the scope of review is limited to the record previously established in the District Court, with the inquiry being whether the District Court in Lake County abused its discretion when bond pending appeal was denied. In other words, after successfully objecting to Ingraham's appeal in which he sought review on the same basis, and after successfully postponing this Court's consideration of Ingraham's entitlement to bond for nearly three and one-half months, the State conceded that it was really more concerned with form than substance and that we should actually review Ingraham's appeal on the same basis that he originally requested. To characterize the State's inconsistent arguments throughout this protracted and unnecessary procedural affair as disingenuous is an understatement. A more cynical

observer might conclude that the State's original argument was made solely for the purpose of delay.

At any rate, on May 29, 1997, the State's application for a writ of supervisory control was denied and deemed by the majority to be a late filed response to Ingraham's application for a writ of habeas corpus, and referred to this Justice for further consideration.

In reply to the State's late filed response, Ingraham has pointed out that he does not desire an evidentiary hearing and wishes to have his denial of bond pending appeal reviewed based upon the abuse of discretion standard and the record which was before the Lake County District Court. He suggests that, for that reason, the full Supreme Court may be the preferable forum in which to conduct such a review.

## DISCUSSION

The statutory framework for a writ of habeas corpus does not provide for review of a district court's denial of bond pending appeal based on the record submitted to that court and based on a determination that the district court did or did not abuse its discretion when bond was denied. The statutory framework for a writ of habeas corpus clearly provides that the petitioner or applicant be brought before a Justice of the Supreme Court, the entire Supreme Court, or a district judge for an evidentiary hearing and an independent determination of whether bond should be granted.

The State cites *State ex rel. Bretz v. Sheriff of Lewis and Clark County* (1975), 167 Mont. 363, 539 P.2d 1191, and *Moore v. McCormick* (1993), 260 Mont. 305, 858 P.2d 1254, as support for its contention that there is no appeal from a district court's denial of bond pending appeal, and that the proper procedure for challenging such a denial is an original proceeding "in the nature of habeas corpus." However, in neither of those cases was there an issue presented regarding the appropriate procedure for challenging a district court's denial of bond pending appeal. In both cases, an original proceeding for a writ of habeas corpus was presented to the Supreme Court, and the Supreme Court simply reviewed the district court's decision for an abuse of discretion. In neither case was there any question presented regarding the proper procedure to be followed, and in neither case was there any question about the standard of review, should the issue be presented in the context of an application for writ of habeas corpus. Therefore, neither case is authority for the argument originally made by the State.

■ On the other hand, it is not my function, as one member of a seven-person court, to finally determine the singular method by which a district court's denial of bond can or should be reviewed by this or some other court. I do, however, conclude, for the limited purpose of moving this issue from the procedural treadmill on which it has languished and finally considering the substantive issue raised, that Ingraham is entitled, pursuant to § 46-20-104, MCA, to appeal any order after final judgment which affects his substantial rights; and that pursuant to § 46-9-107, MCA, defendants appealing a conviction are entitled to be released pending appeal unless the district court finds they are likely to flee or pose a danger to the safety of any person or the community. Therefore, while Ingraham has no constitutional right to bond pending appeal, he does have a right to the proper exercise of the District Court's discretion in its application of § 46-9-107, MCA, and I conclude that that right is a substantial right for purposes of coming within § 46-20-104, MCA.

For these reasons, my previous order dated May 22, 1997, which granted Ingraham's application for a writ of habeas corpus and ordered that he be presented to the Honorable John Christensen at the Cascade County Courthouse for further proceedings, is vacated, and this matter is, instead, referred to the Montana Supreme Court for further review of the Lake County District Court's decision denying bond pending appeal based on the record presented to that District Court and for a determination of whether that court abused its discretion. Whether the majority of this Court chooses to characterize its review as an original proceeding "in the nature of habeas corpus," or as consideration of a direct appeal pursuant to § 46-20-104(1), MCA, is up to the majority of the Court. However, I see no reason for conducting an evidentiary hearing which is sought by neither party.

In conclusion, I would note that it is now June 25, 1997. Ingraham originally sought review of the District Court's decision four months ago on February 21, 1997. In the intervening four months, nothing of substance has been accomplished. This delay can be attributed solely to the State's circular procedural arguments and the fact that it failed to even respond to Ingraham's application for a writ of habeas corpus until its petition for a writ of supervisory control was characterized as a response by the other members of the Supreme Court. Had the Attorney General's Office placed more importance on substance than on form, and had that office been as prompt in its response to this Court as it has been in its communications to various media outlets

regarding these procedural issues, this matter might have been decided by now and both parties' interests better served.

The issue of Gregory Lloyd Ingraham's right to bond pending appeal of his conviction in the District Court for the Twentieth Judicial District in Lake County is referred to the full membership of the Montana Supreme Court for further review.

The Clerk of Court is directed to mail a true and correct copy of this order to the Attorney General for the State of Montana, the County Attorney for Lake County, counsel for petitioner, and to the Honorable John Christensen.

DATED this 25th day of June, 1997.