JUSTICE NELSON
specially concurs.
I concur fully in our opinion and order. I write separately only to address the “procedural entanglements” which preceded this decision. As stated, our orders in cause numbers 97-076 and 97-271 detail the tangled and lengthy history of Ingraham’s attempts to obtain our review of the trial court’s denial of his motion to continue bond pending appeal. These procedural contortions arose for a very simple reason. This Court has no statutory authority to review a district court’s denial of bail pending appeal either by direct appeal or via a petition for writ of habeas corpus. While our decisions in Bretz v. Sheriff of Lewis and Clark County (1975), 167 Mont. 363, 539 P.2d 1191, and Moore v. McCormick (1993), 260 Mont. 305, 858 P.2d 1254, appear to provide authority for what we are doing here, in truth, that authority or, rather, our lack of authority, was never at issue in either of those two cases. In the case at bar we have disposed of Ingraham’s habeas corpus petition by reviewing the trial court record and the court’s decision for abuse of discretion simply because both the Defendant and the State have agreed that we should proceed in that fashion — not because the law authorizes us to do so.
Under § 3-2-212, MCA, and under the statutory scheme set out at Title 46, Chapter 22 of the Montana Code this Court and individual members of this Court can — and, in my view, must — deal with habeas corpus petitions as original proceedings when those are filed here. In situations such as the one at issue, our decision to grant or deny habeas relief must, of necessity, be based on a factual record. In the context of an original proceeding we have only two ways to accomplish that. Either we develop our own record by holding an evidentiary hearing ourselves or we must assign that task to another district court. The latter approach will invariably be necessary, as this Court, as an appellate court, is not structurally set up to conduct an evidentiary hearing. Unfortunately, as this case ably demonstrates, having to deal with habeas petitions in this fashion is highly inefficient, time consuming, wasteful of judicial resources and ill serves the accused, the courts or the criminal justice system.
*489 As both Ingraham and the State appear to concede, appellate review of the trial court record and decision to deny bail pending appeal for abuse of discretion is the obvious best approach in cases such as this. The habeas corpus statutes should be amended by the next legislature to provide authority for this procedure to the end that the fiasco which has characterized this case will not again be repeated.