

FILED

06/23/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0318

## IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0318

JUAN ANASTASIO RODRIGUEZ,

Petitioner,

v.

PETER BLUDWORTH, Warden,
Crossroads Correctional Center,

Respondent.

FILED

JUN 2 3 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Representing himself, Juan Anastasio Rodriguez petitions this Court for habeas corpus relief, requesting bail pending appeal. He states that in December 2017, a jury convicted him of sexual intercourse without consent and that the Eighth Judicial District Court, Cascade County, imposed a seventy-five year prison sentence with twenty-five years suspended. Rodriguez includes several attachments with his petition. Rodriguez is currently incarcerated in the Crossroads Correctional Center.

Section 46-22-103, MCA, provides:

> When a person is imprisoned or detained in custody on any criminal charge for want of bail, the person is entitled to a writ of habeas corpus for the purpose of giving bail upon averring that fact in the person's petition, without alleging that the person is illegally confined.

Rodriguez contends that he was falsely accused of a crime. He states that he has been incarcerated since December 23, 2014. Rodriguez provides his criminal case's background and acknowledges that he has an appeal with this Court. He argues that he is entitled to a bail hearing pending appeal, pursuant to § 46-20-204, MCA, and that his trial counsel was ineffective for not moving for such relief before. Rodriguez further argues that he is not a flight risk nor does he pose a danger to any one person or to the community. Section 46-9-107, MCA. Rodriguez adds that he also sought a motion for bail pending appeal in the District Court, and the court denied his request.

This Court has handled bail requests pending appeal through a petition for a writ of habeas corpus when counsel has filed such requests for the petitioner during the pendency of the appeal. *See Gleed v. State*, No. OP 13-0217, Order denying writ (Mont. May 8, 2013) and *Duncan v. State*, No. OP 07-0199, Order denying and dismissing writ (Mont. May 2, 2007). In those original proceedings, we invited responses from the State of Montana. We decline to do so here. Rodriguez filed this petition on his own behalf while represented by counsel. M. R. App. P. 10(1)(c). Counsel for Rodriguez filed a Notice of Appeal in June 2018. *State v. Rodriguez*, No. DA 18-0328. Pursuant to § 46-22-103, MCA, Rodriguez's petition presents a cognizable claim and he includes relevant attachments for review.

In *Moore v. McCormick*, this Court addressed a similar situation where an inmate contended he was improperly denied bail pending appeal in a petition for habeas corpus relief, and this Court reviewed "the question of bail independently, pursuant to § 46-22-103, MCA[.]" 260 Mont. 305, 306, 858 P.2d 1254, 1255 (1993). Petitioner Moore was released on bail prior to his conviction, and the sentencing court designated him as a non-dangerous offender. Petitioner Moore used those twin bases to argue he was "entitled bail pending appeal by reason of §§ 46-9-107 and 46-20-204, MCA." *Moore*, 260 Mont. at 306, 858 P.2d at 1255. In *Moore*, we pointed to § 46-9-107, MCA, and after analysis of what the District Court found, determined there was no abuse of discretion in the court's ruling because of Moore's flight risk. *Moore*, 260 Mont. at 307, 858 P.2d at 1255. This Court further pointed out that: "Upon conviction, Petitioner was no longer cloaked with the presumption of innocence, having been found guilty beyond a reasonable doubt of a capital crime. . . . Accordingly, under the statute cited by the Petitioner, he is not entitled to bail pending appeal." *Moore*, 260 Mont. at 307, 858 P.2d at 1255.

In light of *Moore*, we reviewed Rodriguez's petition along with the court's docket sheet for his criminal case on appeal here. Rodriguez only had one bail hearing in the District Court on February 26, 2015. Rodriguez includes a copy of that hearing's transcript. On January 30, 2015, counsel for Rodriguez filed a Motion for Bail Reduction Hearing,

2

and the District Court set the matter for a hearing. After entertaining argument and hearing witness testimony, the presiding Judge[1] considered Rodriguez was not a flight risk; however, the court determined that "the circumstances are awfully disturbing[.]" The court stated:

> Other issues I'm supposed to consider in the bail considerations, besides that you are a flight risk, is what kind of danger you are to the community or in particular a victim or both, and the evidence as far as the victim . . . in conjunction with that as well, I have to consider the nature of the offense, the apparent quality of the State's evidence.
>
> . . .
>
> And so there's no single thing here or compelling thing that I can – and I'll be honest with you to say that, hey, I have a firm feeling that you're a problem, but there's a lot here on which to have a suspicion that there's a risk here. And when it comes to dealing with risk of other people's safety and well being, unless I have a very strong conviction that I'm willing to take that risk, I won't do it.

The court concluded that the motion should be denied.

Pursuant to § 46-9-107, MCA, the Cascade County District Court determined Rodriguez posed a danger to the safety of any person or the community. As mentioned, Rodriguez moved the District Court for bail pending appeal, and the District Court denied his motion in May 2020, as evidenced in his attached copy. We highlight Rodriguez's recent request for bail because pursuant to § 46-20-204(2), MCA, this statute does not require a stay of sentence when the court denied his bail initially in 2015. *Moore*, 260 Mont. at 307, 858 P.2d at 1255-56. Rodriguez is not entitled to bail pending appeal, and he is not entitled to habeas corpus relief. Accordingly,

IT IS ORDERED that Rodriguez's Petition for a Writ of Habeas Corpus is DENIED.

---

[1] Justice Dirk Sandefur was the presiding District Court Judge for this hearing. Justice Sandefur is not on the panel for this matter.

The Clerk is directed to provide a copy of this Order to Tim Fox, Attorney General; to Jonathan Mark Krauss, Assistant Attorney General; to Joshua Racki, Cascade County Attorney; to Colin M. Stephens, Appellate Defense Counsel; to Chad M. Wright, Appellate Defender Division; to counsel of record, and to Juan Anastasio Rodriguez personally.

DATED this 23rd day of June, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

4