

**FILED**

03/09/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0055

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0055

STATE OF MONTANA,

    Plaintiff and Appellee,

v.

RANDY S. LAEDEKE,

    Defendant and Appellant.

**FILED**

MAR 09 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Self-represented Appellant Randy S. Laedeke seeks relief from the Thirteenth Judicial District Court's February 2, 2021, Order that denied Laedeke's Motion to Stay Execution of Sentence Pending Appeal. The Order has been filed with this Court.

Laedeke relies on § 46-20-204, MCA, and M. R. Civ. P. 22 for authority to stay execution of judgment. He represents that at a January 15, 2021 hearing, the court again revoked his sentence for misdemeanor cruelty to animals and reimposed a sentence of eleven months and twenty days in jail, with all but thirty days suspended, for failure to sell and remove horses from his property. Laedeke states that the District Court ordered him immediately to jail upon conclusion of his revocation hearing, refused to admit him to bail pending appeal, and then denied his motion for stay of execution. Laedeke argues that he will be irreparably damaged if a stay of execution pending the outcome of appeal is not granted and he is incarcerated for the remainder of the additional 30 days jail imposed. It appears from the February 10 filing of his motion and from available records, however, that Laedeke is no longer being held at the Yellowstone County jail. Laedeke contends that it would be a travesty of justice for him to be denied a stay because he was denied the right to bail.

The District Court refused to admit Laedeke to bail under § 46-9-107, MCA. That section provides in relevant part: "The court shall order the detention of a defendant found guilty of an offense who is awaiting imposition or execution of sentence or a revocation hearing or who has filed an appeal unless the court finds that, if released, the defendant is not likely to flee or pose a danger to the safety of any person or the community." The District Court recited Laedeke's history, pointing out that he was originally convicted on September 5, 2018, and that Laedeke had been revoked several times for failing to heed the condition of his sentence restricting his possession of hooved animals. The court concluded, "Mr. Laedeke's conviction for cruelty to animals and his repeated defiance of the conditions of his suspended sentence presents a danger to the community." The court found Laedeke "unfit to care for horses and ... likely to subject them to abuse or neglect should this Court stay execution of Mr. Laedeke's sentence." Because it did not admit Laedeke to bail, the court held § 46-20-204 inapplicable. Laedeke contends that the District Court's rationale is based upon "false information" because "[a]ll of the defendant's horses had been sold or otherwise transferred prior to the January 15, 2021 hearing."

Section 46-20-204(2), MCA, controls the stay of execution of judgment in a criminal case. It provides that "[i]f an appeal is taken and the defendant is admitted to bail, a sentence of imprisonment must be stayed by the trial court." Thus, if, in the trial court's discretion under § 46-9-107, MCA, it admits a convicted defendant to bail pending appeal, it must stay the execution of the sentence under these statutes. If, however, the trial court does not admit the defendant to bail pending appeal, there is no mandate to stay his sentence under § 46-20-204(2), MCA. *Moore v. McCormick*, 260 Mont. 305, 307-08, 858 P.2d 1254, 1256 (1993). This Court reviews a district court's denial of an application for bail pending appeal for abuse of discretion. "Absent such abuse, this Court will not interfere." *Moore*, 260 Mont. at 306, 858 P.2d at 1255 (citing *State ex rel. Bretz v. Sheriff of Lewis & Clark County*, 167 Mont. 363, 365, 539 P.2d 1191, 1192 (1975)).

2

Although it may be unusual for an offender convicted of cruelty to animals to be denied bail pending appeal, we have declined to disturb the district court's discretion in such matters even for misdemeanor or non-dangerous offenders. *See State v. Scott*, No. DA 19-0280, 2019 Mont. LEXIS 638 (Or. Oct. 22, 2019); *Moore*, 260 Mont. at 308, 858 P.2d at 1256. Further, we have held that § 46-20-204, MCA, provides for a stay of execution and relief pending appeal of an original conviction. *See State v. Pease*, 233 Mont. 65, 68, 758 P.2d 764, 766 (1988), *cert. denied*, 488 U.S. 1033, 109 S. Ct. 845 (1989). Laedeke's original conviction occurred on September 5, 2018. Upon consideration of the District Court's order and Laedeke's motion, we conclude that he has not demonstrated entitlement to relief.

IT IS THEREFORE ORDERED that Laedeke's Motion for Relief from Order of District Court, Stay of Execution, and Stay of Proceedings Pending Outcome of Appeal is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Randy S. Laedeke personally.

DATED this 9th day of March, 2021.

_____

_____

_____

_____
Justices

3