

FILED

06/15/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0274

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0274

RICKEY DEAN RINKER,

Petitioner,

v.

MARK JOHNSON, Facility Administrator,
Butte Detention Center,

Respondent.

FILED

JUN 1 5 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Representing himself, Rickey Dean Rinker has filed a Petition for Writ of Habeas Corpus, indicating that his incarceration is illegal because he has been awaiting sentencing in jail for more than 472 days. Rinker explains that he has been incarcerated since February 5, 2020, for possession of dangerous drugs and that he pleaded guilty in October 2020. Rinker states that his bond was revoked when he changed his plea to guilty and asserts that he has "been held 180 days without bond." Rinker offers that he completed a chemical dependency evaluation, a pre-sentence investigation, and screening for treatment with the Department of Corrections. He adds he was accepted to Connections Corrections in December 2020 and that he has been awaiting sentencing for more than six months. Rinker further states that his sentencing has been continued twice and that his sentencing is now scheduled for June 10, 2021. Rinker requests his release because he has "served over one quarter of the maximum sentence [he] can receive on this charge."

Habeas corpus affords an applicant an opportunity to challenge collaterally the legality of their present incarceration. Section 46-22-101(1), MCA; *Lott v. State*, 2006 MT 279, ¶ 14, 334 Mont. 270, 150 P.3d 337. His present incarceration is due to a lack of sentencing, and he is not entitled to release. A petitioner, such as Rinker, may challenge the lack of bail in a petition for habeas corpus relief. Section 46-22-103, MCA. However,

at Rinker's stage of his criminal proceeding, he is not entitled to bail because when Rinker pled guilty, he "was no longer cloaked with the presumption of innocence[.]" *Moore v. McCormick*, 260 Mont. 305, 307, 858 P.2d 1254, 1255 (1993). Rinker may have a conviction, but he does not have a sentence to challenge under this remedy of habeas corpus. Following sentencing, Rinker may seek an appeal. *Lott*, ¶ 19. Accordingly,

IT IS ORDERED that Rinker's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to: the Honorable Kurt Krueger, Butte-Silver Bow County District Court; Tom Powers, Clerk of Court, Butte-Silver Bow County, under Rinker's pending criminal matter; Eileen Joyce, County Attorney; Jamie Upham, Defense Counsel; counsel of record, and Rickey Dean Rinker personally.

DATED this 15 day of June, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

2